# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL DOCKET NO.: 5:99CR29-V

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs. )<br>)<br>WILLIAM ALFRED PRESCOD, )<br>Defendant. )<br>_____) | **O R D E R** |

**THIS MATTER** is before the Court upon multiple post-conviction motions filed by Defendant challenging his conviction and sentence in the above-captioned action. (Documents ##141,144,146,151, 157,158)

## I. Background

On November 1, 2000, Defendant William Alfred Prescod ("Prescod") entered a straight-up guilty plea to a violation of 21 U.S.C. §§846, 841 and 851. The Superseding Bill of Indictment alleged that 1.5 kilograms or more of a mixture and substance containing a detectable amount of cocaine base was involved in the drug conspiracy. Prescod was sentenced to a term of 360 months. Defendant exercised his right to direct appeal but was unsuccessful.

Prescod next challenged his conviction and sentence pursuant to 28 U.S.C. §2255.[1] In his §2255, Prescod advanced the following legal arguments: involuntary guilty plea; defective indictment; double jeopardy; improper factual basis; insufficient evidence to support a weapon enhancement; prosecutor error; and ineffective assistance of counsel. The Court considered and rejected each. (Document #118) This Court's denial of post-conviction relief was <u>affirmed</u> by the Fourth Circuit Court of Appeals. (Document #122)

---

[1] For a more detailed factual background and procedural history, see the Court's July 12, 2007 Order denying Defendant's Motion to Vacate, Set Aside or Correct Sentence. (Document #118 / or see 5:04CV161-V)

Following Amendment 706 of the U.S. Sentencing Guidelines, Prescod, acting *pro se*, sought a reduction of sentence. Prescod was later determined to be ineligible for relief by the U.S. Probation Department given the large quantity of crack cocaine involved in the offense and Defendant's prior felony drug conviction that resulted in an enhanced sentence.[2] On June 1, 2009, the Court denied Defendant's 18 U.S.C. §3582 Motion, explaining:

> The previous term of imprisonment imposed represented the low end of the guideline range (360 months), which was above the mandatory statutory minimum. However, after applying Amendment 706 in this case, the guideline range remains the same as in the original sentence (360 months to life); therefore, Amendment results in no change in this case.

(Document #136) Defendant appealed the denial of this relief as well. The Court's decision was <u>affirmed</u> on appeal on December 2, 2009. (Document #142)

In the last year and a half, Prescod has filed numerous motions that directly or indirectly challenge the Court's prior rulings. Prescod has also petitioned the appellate court for a writ of mandamus.

## II. Discussion

**A. Motion for Grand Jury Minutes (Document #141)**

Defendant seeks disclosure of grand jury materials pursuant to Rule 6(e) of the Federal Rules of Criminal Procedure. FED. R. CRIM. P. 6(e)(3)(E). Defendant asks the Court to "provide him with the grand jury minutes as it pretain[sic] to his indictment" but fails to explain why he believes he is entitled to relief. (Def.'s Mot. at 1.) The only specific objective of obtaining grand jury transcripts contained within Defendant's motion is the need to evaluate whether Lt. Dean Abernathy, of the Lincolnton, North Carolina Police Department, testified falsely or inconsistently before the grand

---

[2] Defendant's prior conviction was on or about March 15, 1996 in the General Court of Justice, Superior Court Division, Lincoln County, North Carolina, of conspiracy with intent to sell and deliver cocaine. (Document #81)

jury.³ (Id. at 9-10.) In fact, there is mention of Defendant's desire to obtain grand jury minutes from the state court rather than this federal court.⁴

Moreover, Prescod's express purpose is to prepare a Rule 60(b) motion. (Def.'s Mot. 3) Given the posture of Defendant's criminal case, namely, that Prescod pled straight-up and has already exhausted avenues of relief via direct appeal and a collateral attack on his conviction and sentence, any Rule 60(b) motion is likely to be construed as a successive §2255 petition. *See e.g.*, In re Vial, 115 F.3d 1192, 1194 (4th Cir.1997); United States v. Winestock, 340 F.3d 200, 208-09 (4th Cir. 2003) (construing motion for reconsideration in district court as a "successive" §2255 motion and denying authorization to file it). Defendant correctly implies in his motion that a Rule 60(b) motion is not always to be construed as a successive §2255. *See* Winestock, 340 F.3d at 207. According to the Fourth Circuit, a proper Rule 60(b) motion may be distinguished from a "successive [§2255 application] in 60(b)'s clothing" as follows:

> A relatively straightforward guide is that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, freestanding allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications. Similarly, new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence.

Winestock, 340 F.3d at 207 (*internal citations omitted*).

---

³ Defendant presumes that the state and federal conspiracies are based upon identical conduct. According to Defendant, Lt. Abernathy's testimony in the state and federal criminal prosecutions was inconsistent. Prescod contends that Lt. Abernathy testified in the state court that the conspiracy charged in state court involved only cocaine powder ... but testified in federal court that the charged conspiracy was a crack cocaine conspiracy.

⁴ Defendant states: "Abernathy also testified in which Lt. Abernathy knew Prescod had served state time for this same conspiracy in which the state court found Evidence of only a cocaine (powder) Violation of law and Lt. Abernathy statement to state grand jury will support this.") (Def.'s Mot. at 10)

In this case, Prescod's original §2255 was denied on the merits and at least one issue Defendant continues to raise in his post-conviction filings (*i.e.*, U.S.S.G. §5G1.3(b) adjustment of sentence - Section "II, B," *infra*) has already been litigated in conjunction with the first §2255 petition. Furthermore, it appears that an attack on the credibility of an investigating law enforcement officer such as Lt. Abernathy, necessarily constitutes a direct attack on Prescod's federal conviction and sentence.

Defendant's request for grand jury materials will be denied.

### B. Motion for Adjustment of Sentence (Document #144)

Absent narrow circumstances prescribed by statute, once final judgment is entered, sentence cannot be modified. *See* 18 U.S.C. §3582(b). Defendant moves for an adjustment of sentence pursuant to U.S.S.G. §5G1.3(b) for time served in state custody for conduct he claims is related to the underlying federal offense. Defendant raised the same issue in his Motion to Vacate, Set Aside or Correct Sentence. (7/12/07 M & O at 4-5) As noted previously, Prescod was *not* subject to an undischarged term of imprisonment at the time his federal sentence was imposed.[5] (Id.)

### C. Motion for Show Cause (Document #146) / Motion to Compel (Document #151)

Defendant's Motion for Show Cause and subsequently filed Motion to Compel are both based upon the Government's failure to respond in writing to Prescod's Motion for Grand Jury Minutes. These motions are denied as moot.

### D. Motion for Default Judgment ( Documents #157 / #158)

Defendant's Motion for Default Judgment merely seeks a favorable ruling by default as to his Motion for Adjustment of Sentence. This motion must be denied.

---

[5] The undersigned also noted that U.S.S.G. §5G1.3 was amended to permit a downward departure when a discharged term of imprisonment would otherwise satisfy U.S.S.G. §5G1.2(b). (*See* U.S.S.G. §5G1.3, app. n. 4) This amendment to Section 5G1.3 (Amendment 660, Appx. C Supp.) has not been identified by the Sentencing Commission as an amendment that is to be applied retroactively. *See* U.S.S.G. §1B1.10(c).

## III. Order

**IT IS, THEREFORE, ORDERED** that Defendant's Motions for Grand Jury Minutes and for Adjustment of Sentence are hereby **DENIED;** and Defendant's Motion for Show Cause, Motion to Compel, and Motion for Default Judgment are also hereby **DENIED as moot**.

**IT IS FURTHER ORDERED** that any further frivolous, redundant or duplicative filings in this Court, whether filed by Defendant / Petitioner Prescod in the above-captioned criminal case or the related civil habeas action, may result in monetary or other appropriate sanctions.

Signed: October 18, 2010

Richard L. Voorhees
United States District Judge